UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
UNITED STATES OF AMERICA,

                                            **MEMORANDUM AND ORDER**
                                            09 CR 762 (DRH)

        - against -

ANTOINETTE GREENE,

               Defendant.
----------------------------------------------------------X

**HURLEY, Senior District Judge:**

      On September 15, 2010, defendant Antoinette Greene pled guilty before this Court to a lesser-included offense within Count 1 of a 3-count indictment.[1] As amended, Count I charged that defendant conspired to distribute and possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(C). On January 14, 2011, this Court sentenced defendant to a term of 65 months imprisonment, to be followed by five years of supervised release. Presently before the Court is defendant's motion seeking a reduction of her sentence pursuant to 18 U.S.C. § 3582(c)(2).[2] The government has filed a written response opposing any such reduction. For the reasons set forth below, defendant's motion is denied.

*I.*     *Background*

      According to the Revised Presentence Investigation Report ("PSR"), defendant was held

---

    [1]     Defendant was not named in Count 2, and Count 3 was subsequently dismissed.

    [2]     Defendant frames her application as a motion to set aside her conviction pursuant to Federal Rule of Civil Procedure ("Rule") 60(b). That Rule, however, "is not an appropriate vehicle for defendant's attempt to vacate [her] criminal conviction because the Federal Rules of Civil Procedure govern 'suits of a civil nature.'" *United States v. Pope*, 124 Fed. Appx. 680, at *2 (2d Cir. Mar. 2, 2005) (unpublished) (quoting Fed. R. Civ. P. 1). Accordingly, the Court construes defendant's application as one made pursuant to 18 U.S.C. § 3582(c)(2).

responsible for 304.3 net grams of cocaine base and 15 grams of cocaine in the powder form. (PSR ¶ 7.) Pursuant to Guidelines 2D1.1(a)(5), (B)(i), and (c)(4), defendant's base offense level was 30. (*Id.* ¶ 13.) Defendant's offense level was, however, lowered to 28 given that her role in the offense was considered "minor," pursuant to Guideline § 3B1.2(b). (*Id.* ¶ 17.) Defendant then received an additional three-level reduction for acceptance of responsibility pursuant to Guideline § 3E1.1(a) and (b), thereby reducing her total offense level to 25. (*Id.* ¶¶ 20, 21.) With a Criminal History Category of III, the applicable advisory guideline range was 70 to 87 months incarceration.

At sentencing, the Court decided to impose a non-guideline sentence of 65 months incarceration after considering all of the factors set forth in 18 U.S.C. § 3553(a), including defendant's family history and the substance abuse counseling she was to received during supervised release.

## II.     *The Parties' Contentions*

The basis for defendant's present application is not clearly articulated in her papers. The government interprets her request as seeking a reduction of her sentence pursuant to the Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372 (2010) ("FSA"). The FSA "substantially increased the amounts of crack required to trigger mandatory minimum penalties . . . ." *United States v. Rivera*, 662 F.3d 166, 176 n.10 (2d Cir. 2011); *see also* 21 U.S.C. § 841(b)(1)(A)(iii) (2011). Further, the Commission promulgated Amendment 750,[3] which was given retroactive effect as of November 1, 2011. *See* U.S.S.G. § 1B1.10(c). Amendment 750

---

[3]     U.S.S.G., 2010 Supp. to App. C, Amendment 750 (effective Nov. 1, 2010).

amended the Drug Quantity Table set forth in Guideline § 2D1.1(c).

The government argues that "defendant was sentenced after the FSA became operative and, therefore, she already received the benefit of the FSA and the reduced Guidelines range." (Gov't's Aug. 1, 2012 Letter at 2.) According to the government, "[i]f the defendant [was] resentenced today, she would have the same exact Guidelines range as she did at the time of her sentencing on January 14, 2011." (*Id.*)

## III. Legal Standard

"A district court may not generally modify a term of imprisonment once it has been imposed." *Martinez*, 572 F.3d at 84 (internal quotation marks omitted) (quoting *Cortorreal v. United States*, 486 F.3d 742, 744 (2d Cir. 2007)). However, Section 3582(c)(2) permits the Court, "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission . . . to reduce the term of imprisonment, after considering the factors set forth in Section 3553(a)." 18 U.S.C. § 3582(c)(2). The Supreme Court has articulated a "two-step inquiry" that must be conducted whenever a defendant requests a sentence reduction pursuant to Section 3582(c): (1) the Court must "determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized," and, if the defendant is found eligible for reduction under step one, (2) the Court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dillon v. United States*, 130 S.Ct. 2683, 2691-92 (2010).

## IV. Defendant's Request is Denied

When a defendant's sentence "was not based on the crack cocaine guidelines," that defendant is "ineligible for a sentence reduction." *United States v. McPherson*, 435 Fed. Appx. 17, at *1 (2d Cir. June 17, 2011); *see also United States v. Britt*, 2012 WL 3834630, at *2 (S.D.N.Y. Aug. 15, 2012) ("Defendant was not sentenced under the crack cocaine guidelines and he is, therefore, not eligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2)."); *United States v. Lake*, 673 F. Supp. 2d 109, 110 (E.D.N.Y. 2009) ("Reductions in sentences for a defendant whose original term of imprisonment constituted a non-guideline sentence are generally not appropriate."). Here, defendant received a non-guideline sentence that was not based on the crack cocaine guidelines, but was based on the Court's analysis of the factors listed in § 3553(a). Therefore, defendant's arguments for a sentence reduction pursuant to 18 U.S.C. § 3582 lack merit.

In addition, as the government points out, defendant's applicable Guidelines range of 70 to 87 months was calculated after the reduced Guidelines ranges were implemented pursuant to the FSA. Accordingly, even if defendant was eligible for a sentence reduction pursuant to 18 U.S.C. § 3582 and was re-sentenced today, she would have the same Guidelines range as she did as of January 14, 2011.

Finally, defendant argues that she is "currently sentenced under a judicial interpretation that is contrary to [*DePierre v. United States*, 131 S.Ct. 2225 (2011)]." (Def.'s Mot. at 1.) In that case, the Supreme Court determined that "cocaine base," as that term is used in 21 U.S.C. §§ 841(b)(1)(A)(iii) and 841(b)(1)(B)(iii), "refers generally to cocaine in its chemically basic form," and not "exclusively to what is colloquially known as 'crack cocaine.'" *DePierre*, 131 S.Ct. at

4

2227-2228. Defendant, however, was not sentenced under either of these statutory provisions, and she has not articulated how the ruling in *DePierre* applies to her case.

## *CONCLUSION*

For the reasons set forth above, defendant's motion is denied. The Clerk of the Court is respectfully directed to serve defendant with a copy of this Memorandum & Order.

**SO ORDERED.**

Dated: Central Islip, New York
　　　　May 3, 2013　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　　　　　　　Denis R. Hurley
　　　　　　　　　　　　　　　　　　　　　　　　　Unites States District Judge